UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15cv24173

ISIDORA RIVERA,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD, a
Liberian Corporation, d/b/a ROYAL
CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

## COMPLAINT

Plaintiff ISIDORA RIVERA hereby demands a jury trial and against the Defendant ROYAL CARIBBEAN CRUISES LTD, a Liberian corporation, d/b/a ROYAL CARIBBEAN INTERNATIONAL and alleges as follows:

### I. PRELIMINARY ALLEGATIONS

1. This is a civil action for monetary damages based on negligence due to personal injuries sustained by Plaintiff ISIDORA RIVERA while traveling as a fare paying passenger aboard Defendant ROYAL CARIBBEAN CRUISES LTD, a Liberian corporation, d/b/a ROYAL CARIBBEAN INTERNATIONAL'S vessel "Allure of the Seas".

2. As "Allure of the Seas" is a vessel transporting passengers, it is a common carrier. As a common carrier, Defendant owes a Plaintiff a higher degree of duty.

3. Pursuant to the applicable passenger agreement, Plaintiff submitted a timely claim to Defendant on December 11, 2014, and was assigned Claim Number 121413.

### II. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1333, as Plaintiff's claims arise within this Court's within the Admiralty and Maritime jurisdiction

based upon a contractual forum selection clause.  The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5.  The Court has personal jurisdiction over Defendant ROYAL CARIBBEAN CRUISES LTD, a Liberian corporation, d/b/a ROYAL CARIBBEAN INTERNATIONAL.

6.   Venue is proper in the Southern District of Florida pursuant to the forum selection clause in the applicable passenger agreement and as Defendant's principle place of business is within the County of Miami-Dade, State of Florida.

### III. PARTIES

7.  Plaintiff ISIDORA RIVERA is an individual competent adult presently residing in the City of Pasadena, County of Los Angeles, State of California.

8.  Plaintiff is informed, believes, and on that basis alleges, that Defendant ROYAL CARIBBEAN CRUISES LTD, a Liberian corporation, d/b/a ROYAL CARIBBEAN INTERNATIONAL  (hereinafter "ROYAL CARIBBEAN") is a foreign corporation based in Liberia, licensed to conduct business in Florida, with its principle place of business in Miami, Florida.

### IV. FIRST CAUSE OF ACTION

(Negligence against Defendant ROYAL CARIBBEAN)

9.  Plaintiff realleges and incorporates by reference paragraphs 1 through 8, inclusive, as if set forth in full herein.

10.  On or about November 15, 2014, Plaintiff ISIDORA RIVERA was traveling as a fare paying passenger aboard Defendant ROYAL CARIBBEAN'S vessel "Allure of the Seas", which was had departed Ft. Lauderdale, Florida on or about November 8, 2014.

11.  At approximately 3:15 p.m. on November 15, 2014, while exercising due care and caution, Plaintiff ISIDORA RIVERA was walking down stairs in "Studio B" aboard the ship, to join her family members for a show performance.

12.  When Plaintiff reached the bottom of the stairs, she stepped onto the floor of the studio to join her family members who were seated in the front row.

13.  As Plaintiff step forward onto the floor of the studio, she was unaware that Studio B's floor had an ice surface.

14. Plaintiff slipped and fell backward, with her back and the back of Plaintiff's head hitting hard upon the ice.

15. As a direct and proximate result of this fall, Plaintiff experienced a loss of consciousness.

16. Plaintiff was taken to the ship's medical facility on a stretcher, immobilized on a backboard with a cervical collar.

17. When Plaintiff descended the stairs of Studio B, there were no warnings that the floor was ice or warnings that the floor was slippery.

18. When Plaintiff descended the stairs of Studio B, there were no crew members, such as ushers or security, at the bottom of the stairs who might have warned her about the ice floor.

19. When Plaintiff descended the stairs of Studio B, there were no safety devices, such as a gate, warning cones, barrier rope, or barrier strap, at the bottom of the stairs to stop guests from stepping onto the ice floor.

20. When Plaintiff descended the stairs of Studio B, there were no warnings to indicate that the floor immediately at the bottom of the stairs was an ice floor and that it was wet and slippery.

21. At all times material, Defendant ROYAL CARIBBEAN, through its employees and agents, had actual or constructive notice of this unreasonable and dangerous condition for passengers such as Plaintiff ISIDORA RIVERA, as Defendant ROYAL CARIBBEAN, through its employees and agents created the dangerous condition and failed to warn about the dangerous condition of the ice floor of Studio B.

22. Defendant ROYAL CARIBBEAN owed a duty to exercise reasonable care to maintain its ship for the safety of its passengers, including Plaintiff ISIDORA RIVERA.

23. Defendant ROYAL CARIBBEAN negligently breached its duty to exercise reasonable care to maintain its ship for the safety of its passengers, including Plaintiff ISIDORA RIVERA in one or more of the following manners:

   A. Failure to provide any warnings to Plaintiff as to the existing dangerous conditions of the ice floor in Studio B;
   B. Failure to post proper and sufficient warning signs regarding slippery surfaces on the floor of Studio B;
   C. Failure to inspect and/or maintain the areas to ensure that they were free of potential dangerous conditions;
   D. Failure to correct the unreasonable and dangerous conditions.

24. Through its agents and employees, Defendant ROYAL CARIBBEAN had actual or constructive notice of the unreasonable and dangerous condition of the ice floor, as it is foreseeable that passengers such as Plaintiff would step out onto the ice at the bottom of the stairs in Studio B.

25. Defendant ROYAL CARIBBEAN acted unreasonably by failing to correct the unreasonable and dangerous conditions, as it is foreseeable that passengers such as Plaintiff would step out onto the ice at the bottom of the stairs in Studio B.

26. Defendant ROYAL CARIBBEAN acted unreasonably by failing to warn passengers such as Plaintiff that the floor of Studio B was covered in ice and that it would be wet and slippery.

27. Defendant ROYAL CARIBBEAN owed a duty to passengers such as Plaintiff to exercise reasonable care in the maintenance of its vessel and breached this duty of care.

28. As a direct and proximate result of Defendant ROYAL CARIBBEAN's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff ISIDORA RIVERA sustained serious and severe injuries, including but not limited to traumatic head injury, recurring seizures, and injuries to her back, neck, chest, and severe emotional distress and shock.

29. As a direct and proximate result of Defendant ROYAL CARIBBEAN's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff ISIDORA RIVERA has required and still requires necessary medical treatment for her injuries.

30. As a direct and proximate result of Defendant ROYAL CARIBBEAN's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff ISIDORA RIVERA has incurred and continues to incur monetary damages for necessary medical treatment.

31. As a direct and proximate result of Defendant ROYAL CARIBBEAN's conduct and its breach of its duty to use reasonable care in maintaining its ship for the safety of its passengers, Plaintiff ISIDORA RIVERA has also suffered great physical, mental and nervous pain, and general damages in an amount according to proof.

WHEREFORE, Plaintiff ISIDORA RIVERA prays for judgment against Defendant ROYAL CARIBBEAN in the amount of $10,000,000.00, according to proof, as follows:

      A.      For special damages and economic, including but not limited to, medical bills, in an amount according to proof;

      B.      For general damages, in an amount according to proof;

      C.      For loss of enjoyment of life;

      D.      For costs of suit incurred herein;

      E.      For any interest as allowed by law;

      F.      Jury Trial;

      G.      For such other and further relief that the court deems just and proper.

Date:  November 6, 2015               Respectfully submitted,

/s/ Richard Birkenwald
Richard Birkenwald, Esq.
Florida Bar Number 0621780
birkenwa@ix.netcom.com
2450 Hollywood Blvd., Suite 305
Hollywood, Florida 33020
Telephone: 305-944-3335
Telecopier: 305-722-3668
Attorney for Plaintiff,
ISIDORA RIVERA

## **DEMAND FOR JURY TRIAL**

Plaintiff ISIDORA RIVERA hereby requests trial by jury.

Dated: <u>November 6, 2015</u>              Respectfully submitted,

                                   <u>/s/ Richard Birkenwald</u>
                                   Richard Birkenwald, Esq.
                                   Florida Bar Number 0621780
                                   birkenwa@ix.netcom.com
                                   2450 Hollywood Blvd., Suite 305
                                   Hollywood, Florida 33020
                                   Telephone: 305-944-3335
                                   Telecopier: 305-722-3668
                                   Attorney for Plaintiff,
                                   ISIDORA RIVERA