UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 15-CV-24173-Seitz/Turnoff

ISIDORA RIVERA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a Liberian
Corporation, d/b/a ROYAL CARIBBEAN
INTERNATIONAL,

    Defendant.

_____/

**DEFENDANT ROYAL CARIBBEAN CRUISES LTD.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, denominated by Plaintiff as ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN INTERNATIONAL. ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint:

**I.    PRELIMINARY ALLEGATIONS**

1.    Defendant admits that Plaintiff, ISIDORA RIVERA ("Plaintiff"), alleges that this is an action for negligence due to personal injuries sustained by Plaintiff while she was a passenger aboard the vessel *Allure of the Seas*.

2.    Denied.

3.    Defendant admits that it received timely notice of Plaintiff's claim under the terms of the applicable passenger ticket contract.

## II.    JURISDICTION AND VENUE

4. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1333; Defendant admits that Plaintiff alleges that this is an action wherein the amount in controversy exceeds the jurisdictional limits of this Court; Defendant lacks knowledge of the residency or citizenship of Plaintiff, therefore, the allegation that she is a resident of a different state than Defendant is denied; Defendant admits, for purposes of this litigation only, that jurisdiction and venue are proper.

5. Defendant admits, for purposes of this litigation only, that the Court has personal jurisdiction over it.

6. Defendant admits that venue in the Southern District of Florida is proper.

## III.    PARTIES

7. Defendant lacks knowledge of the allegations contained in paragraph 7; therefore, denied.

8. Admitted for purposes of this litigation only.

## IV.    FIRST CAUSE OF ACTION

(Negligence against Defendant ROYAL CARIBBEAN)

9. Defendant adopts and incorporates its responses to the allegations in paragraphs 1 through 8 as fully set forth herein.

10. Defendant admits that Plaintiff was a fare paying passenger on the subject cruise aboard the *Allure of the Seas* which departed from Ft. Lauderdale, Florida; Defendant denies the balance of the allegations contained in paragraph 10.

11. Defendant admits that Plaintiff alleges that, on or about November 15, 2014 at approximately 3:15 p.m., she was walking down stairs in "Studio B" aboard the ship to join her

family members for a show performance; Defendant denies the balance of the allegations contained in paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant admits that Plaintiff was transported to the ship medical facility after her alleged accident; Defendant denies the balance of the allegations contained in paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendant admits that it owes passengers a duty of reasonable care under the circumstances pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406 (1959). Except as specifically admitted herein, Defendant denies, both specifically and generally, all other allegations contained in Paragraph 22.

23. Denied, including subparts (A) through (D).

24. Denied.

25. Denied.

26. Denied.

27. Denied as framed.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's own negligence was the sole proximate cause of her injuries and damages, and as such any damages are barred as a matter of law. Alternatively, Plaintiff's own negligence contributed to the subject incident and her injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages. Plaintiff may have failed to seek or obtain appropriate medical treatment and/or may have failed to follow the advice of her medical treatment providers. Plaintiff may also have undergone unnecessary medical treatment and/or may have unnecessarily incurred excessive or unreasonable medical expenses. Therefore, Plaintiff's recovery, if any, should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by maritime law and any recovery is limited by general maritime law.

Isidora Rivera v. Royal Caribbean Cruises Ltd.
Case No. 15-CV-24173-Seitz/Turnoff

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, illness and/or medical condition, if any, were pre-existing. In the alternative, if any pre-existing injury, illness or condition was aggravated by any alleged incident herein, Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery herein must be reduced and limited to that degree of aggravation.

## SIXTH AFFIRMATIVE DEFENSE

The allegedly dangerous condition was open and obvious and should have been observed by the Plaintiff in the ordinary course of her senses, barring any recovery by the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff for any and all collateral source benefits paid or payable to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiff's injuries, if any, and, as such, no liability exists.

Isidora Rivera v. Royal Caribbean Cruises Ltd.
Case No. 15-CV-24173-Seitz/Turnoff

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges it had no prior actual or constructive notice of the alleged dangerous condition and that the alleged condition did not exist for a sufficient length of time so that Defendant could have learned of it or taken action to remedy it.  As such, no liability exists.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages.  Plaintiff had the last, clear chance to avoid the alleged danger.  Therefore, Plaintiff may not recover for the losses, if any, which could have been prevented.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily exposed herself and/or consented to the alleged dangerous condition.  Plaintiff was apprised of the existence of any alleged danger and the risk of possible injury, and was given a reasonable opportunity to avoid same.  Plaintiff is, therefore, barred from recovery on the grounds of assumed risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, the Defendant having answered the Complaint and asserted affirmative defenses, demands judgment in its favor and against the Plaintiff, along with all costs and attorney's fees available pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

ROYAL CARIBBEAN CRUISES, LTD.
1080 Caribbean Way
Miami, Florida 33132
(305) 982-2046 Tel.
(305) 539-4457 Alt. Tel.
(305) 539-6561 Fax

By: */s/ Nicholas A. Applin*
    Nicholas A. Applin
    napplin@rccl.com
    Florida Bar No.: 092243

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Nicholas A. Applin*
Nicholas A. Applin
napplin@rccl.com
Florida Bar No.: 092243

Isidora Rivera v. Royal Caribbean Cruises Ltd.
Case No. 15-CV-24173-Seitz/Turnoff

## SERVICE LIST

| | |
|---|---|
| Richard Birkenwald, Esq.<br>birkenwa@ix.netcom.com<br>2450 Hollywood Blvd.<br>Suite 305<br>Hollywood, FL 33020<br>Tel. (305) 944-3335<br>Fax. (305) 722-3668<br><br>Frank De Santis, Esq., *pro hac vice*<br>law@desantislawcenter.com<br>Law Offices of Frank De Santis<br>298 Third Avenue<br>Chula Vista, CA 91910<br>Tel. (619) 425-2020<br><br>*Attorneys for Plaintiff* | Nicholas A. Applin, Esq.<br>napplin@rccl.com<br>Royal Caribbean Cruises Ltd.<br>1080 Caribbean Way<br>Miami, Florida   33132<br>(305) 982-2046 Tel.<br>(305) 539-4457 Alt. Tel.<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |