UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-24173-CIV-SEITZ/TURNOFF

ISIDORA RIVERA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION D/B/A
ROYAL CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Royal Caribbean Cruises Ltd.'s Motion for Summary Judgment [DE-47]. Plaintiff claims she slipped and fell while walking onto an ice-covered stage onboard Defendant's ship because Defendant failed to warn her that the stage floor was ice. Defendant contends that it is entitled to summary judgment because it has no duty to warn her of an open and obvious ice stage and because Plaintiff has not provided evidence to establish that Defendant's alleged negligence proximately caused her damages. Viewing the record evidence in the light most favorable to the Plaintiff, the Court finds Plaintiff has established a genuine issue of material fact as to Defendant's duty of warn, but has not met her burden as to proximate cause. Plaintiff produced no expert testimony even though expert testimony is required to establish medical causation for Plaintiff's claimed injuries. Therefore, the Court must grant summary judgment for Defendant.

### I.   Undisputed Material Facts

Plaintiff and her family were passengers on Defendant's *Allure of the Seas* cruise ship. [DE 47 (Def.'s Statement of Undisputed Facts ("SOF") ¶ 1); DE 56 (Pl.'s Response to Def.'s SOF ¶ 1).] On November 15, 2014, Plaintiff and her family had tickets to attend "Ice Games" in the ship's

Studio B. [DE 47 (Def.'s SOF ¶¶ 9, 12-13); DE 56 (Pl.'s Response to Def.'s SOF ¶¶ 9, 12-13).] She had previously attended a different show in Studio B called Quest, where audience members were invited to come onto a non-ice stage. [DE 56 (Pl.'s Statement of Additional Material Facts ¶¶ 2-3, 5); DE 58 (Def.'s Response to Pl.'s Statement of Additional Material Facts ¶¶ 2-3, 5).] On the day of the incident, Plaintiff arrived at Studio B shortly before "Ice Games" began. Upon arrival, she could see the stage, [DE 47 (Def.'s SOF ¶18); DE 56 (Pl.'s Response to Def.'s SOF ¶ 18)], but according to her testimony, she was unaware that the stage was covered in ice. [DE 47-1 (Rivera Dep. 59:7-9).] No barricades or stanchion ropes separated the staircase from the stage entrance. [DE 56 (Pl.'s Statement of Additional Material Facts ¶¶ 8-9); DE 58 (Def.'s Response to Pl.'s Statement of Additional Material Facts ¶¶ 8-9).] No one was on the stage when she arrived. [DE 47 (Def.'s SOF ¶18); DE 56 (Pl.'s Response to Def.'s SOF ¶18).]

Plaintiff proceeded to walk down the staircase to meet her family in the front row.[1] [DE 47-1 (Rivera Dep. 57:15-25).] As she stepped onto the ice stage, she slipped and fell backward onto the floor, causing her to land on her back, hit her head, lose consciousness and suffer a concussion and trauma.[2] [DE 47-1 (Rivera Dep. 62:21-22; 65:5-10); DE 56 (Pl.'s Statement of Additional Material Facts ¶¶ 16).] She was taken to the infirmary where she stayed overnight. [DE 47-1 (Rivera Dep. 64:2-6).] The next day, after the ship returned to Fort Lauderdale, Florida, Plaintiff was taken to a hospital in Fort Lauderdale and was released the same day. *Id.* at 64:17-25.

Plaintiff filed this action on November 6, 2015. The Court's January 29, 2016 Scheduling Order required Plaintiff to serve her expert disclosures by July 27, 2016. [DE 14.] On July 27, 2016, Plaintiff sought an extension until August 19, 2016 [DE 25], which Defendant did not oppose and the

---

[1] Studio B has bleacher-style seating with the stage at the floor level. [DE 47-1 (Rivera Dep. 47:3-17).]

[2] The extent of Plaintiff's injuries is in dispute. [DE 58 (Def.'s Resp. to Pl.'s Statement of Additional Material Facts ¶¶ 17-19).]

Court granted [DE 26]. Plaintiff disclosed three damage experts on August 19, 2016—Dr. David Peterson, an orthopedic surgeon, Dr. Cheri Surloff, a neuro-psychologist, and Dr. Sharon Yegian, a neurologist[3]—but failed to provide Dr. Surloff's expert report at that time as the report was incomplete.[4] [DE 49-1 at 2.] Plaintiff also failed to make her experts available for deposition within 14 days after disclosure as required by the Order Requiring Joint Scheduling Report. [DE 12 at 4.] Magistrate Judge Turnoff then ordered Plaintiff to make her experts available by September 22, 2016. [DE 43.] However, she again failed to do so. As a result, Magistrate Judge Turnoff ordered Plaintiff's experts stricken for non-compliance with Court orders. [DE 51.]

## II.     Summary Judgment Standard

Summary judgment is appropriate when the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). In making this assessment, the Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must provide evidence to show there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party may not rely solely on the pleadings, but must show by record evidence, in the way of affidavits, depositions, answers to interrogatories and admissions, that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there

---

[3] Plaintiff did not disclose any liability experts.

[4] Dr. Surloff provided her expert report on September 22, 2016. [DE 49-1 at 2.]

must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Federal maritime law governs this case. Under maritime law, to establish a negligence claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1319 (S.D. Fla. 2015) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). Each element is essential to a negligence claim and Plaintiff cannot simply rest on the allegations of her complaint to defeat summary judgment. *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015).

In this case, Plaintiff maintains that Defendant owed her a duty of care, but breached that duty by failing to warn her of the ice stage. She claims that Defendant's failure to warn caused her to fall and suffer injuries, including a concussion, recurring seizures and back and neck injuries. Defendant does not dispute that as a shipowner, it owes passengers a duty of reasonable care under the circumstances. *Torres v. Carnival Corp.*, 635 Fed, Appx. 595, 601 (11th Cir. 2015). However, in seeking summary judgment, Defendant contends two things. First, that it had no duty to specifically warn Plaintiff of the ice stage because the ice, which is a slippery surface, was open and obvious. Second, Defendant argues that even if it breached a duty, Plaintiff cannot show that the breach proximately caused her alleged damages. In response, Plaintiff argues that the open and obvious doctrine is inapplicable, but offers no record evidence to establish proximate cause.

As to Defendant's duty to warn, Plaintiff has established a genuine issue for trial. While generally there is no duty to warn of dangers that are open and obvious in nature, a dispute as to whether the danger was open and obvious presents a factual issue for the jury. *Compare Cohen v.*

*Carnival Corp.*, 945 F. Supp. 2d 1351, 1357-58 (S.D. Fla. 2013) (finding that stairs on a gangplank were open and obvious to a plaintiff who had been on several prior cruises and was familiar with the ship's disembarkment process) *with Merideth v. Carnival Corp.*, 49 F. Supp 3d 1090, 1094-95 (S.D. Fla. 2014) (finding that slippery condensation on a ship's floor may not be obvious to a plaintiff even if plaintiff previously visited that particular location because the floors conditions may have changed between visits). In this case, Plaintiff testified that she had previously visited Studio B and observed other passengers walking on a non-ice stage. [DE 56 (Pl.'s Statement of Additional Material Facts ¶¶ 2-3, 5).] During both visits, the stage was similarly colored with blue to bluish-grey lighting. [DE 47-1 (Rivera Dep. 58:19-23; 102:6-10).] Plaintiff also testified that before stepping onto the stage, she was unaware the stage was covered in ice. [DE 47-1 (Rivera Dep. 58:19-23).] Viewing these facts in light most favorable to Plaintiff, there is a question of material fact as to whether the ice was open and obvious.

However, as to proximate cause, Plaintiff has not satisfied her burden. Plaintiff has the burden to establish that Defendant's conduct caused her to fall and that the fall proximately caused the claimed injuries to her back and neck, as well as the seizures. Establishing medical causation requires the testimony of an expert. *Kellner v. NCL (Bahamas), Ltd.*, 2016 WL 4440510, at *1 (S.D. Fla. Aug. 22, 2016) ("Expert testimony is required to establish medical causation for conditions not readily observable or susceptible to evaluation by lay persons."); *see also Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 8695361 at *6 (S.D. Fla. April 4, 2013) ("There is no doubt that an essential element of Plaintiff's negligence claim is his burden of introducing expert testimony to establish medical causation."). Plaintiff has not offered any expert testimony.[5] Moreover, the medical conditions she claims to have resulted from her fall are not readily observable to a lay person. Plaintiff testified that she sustained neck and head trauma that resulted in quadranopsia—a condition

---

[5] Plaintiff's medical experts were stricken for failure to make them available for deposition in accordance with Court orders. [DE 51.]

with her peripheral vision—and seizures [DE 47-1 (Rivera Dep. 72:19-23)], as well as problems with concentration, memory loss and high blood pressure. *Id.* at 106:1-21. None of these conditions are readily observable to a lay person. Moreover, Plaintiff testified that prior to the incident, she suffered from back pain, *id.* at 113:5-7, and high blood pressure. *Id.* at 114:1-5. Expert testimony is therefore necessary to distinguish which alleged injuries were proximately caused by her fall and which were not. Without expert testimony, Plaintiff cannot satisfy her burden of establishing proximate cause and Defendant is entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED THAT

(1) Defendant Royal Caribbean Cruises LTD.'s Motion for Summary Judgment [DE-47] is **GRANTED**. The Court will enter a separate judgment.

(2) All other pending motions are **DENIED AS MOOT**.

(3) This case is **CLOSED**.

DONE AND ORDERED in Miami, Florida, this 8th day of December, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable William C. Turnoff
      All Counsel of Record